[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10334
Non-Argument Calendar
_____

D.C. Docket No. 1:07-cr-00387-JEC-JFK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDRE BROWNING,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(August 1, 2013)

Before HULL, MARCUS and JORDAN, Circuit Judges.

PER CURIAM:

Andre Browning appeals his sentence of 10 months' imprisonment, followed by 26 months' supervised release, which was imposed upon the revocation of his supervised release. He argues that his sentence is substantively unreasonable, because it violates the "parsimony principle" of 18 U.S.C. § 3553(a)(2). After careful review, we affirm.

We review the sentence imposed upon the revocation of supervised release for reasonableness, United States v. Velasquez Velasquez, 524 F.3d 1248, 1252 (11th Cir. 2008), which "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir.2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)). In reviewing sentences for reasonableness, we typically perform two steps. Id. at 1190. First, we "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—

2

including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).[1]

If we conclude that the district court did not procedurally err, we consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Id. (quoting Gall, 552 U.S. at 51). Applying "deferential" review, we must determine "whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). "[W]e will not second guess the weight (or lack thereof) that the [court] accorded to a given factor ... as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." United States v. Snipes, 611 F.3d 855, 872 (11th Cir.2010) (quotation, alteration and emphasis omitted), cert. denied, 131 S.Ct. 2962 (2011). In other words, we will not reweigh the relevant § 3553(a) factors, and will not remand for resentencing unless the district court committed a clear error of judgment in weighing the § 3553(a) factors by

---

[1]    The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

imposing a sentence outside the range of reasonable sentences.   United States v. Langston, 590 F.3d 1226, 1237 (11th Cir. 2009).

The party challenging the sentence bears the burden to show it is unreasonable.   United States v. Tome, 611 F.3d 1371, 1378 (11th Cir.), cert. denied, 131 S.Ct. 674 (2010). While we do not automatically presume a sentence falling within the guideline range to be reasonable, we ordinarily expect that sentence to be reasonable.  Talley, 431 F.3d at 788.

For starters, we are unpersuaded by Browning's argument that the district court violated the "parsimony clause" by sentencing him to a greater sentence than necessary.  Indeed, we have criticized the use of the phrase "parsimony principle" when referencing the "sufficient, but not greater than necessary" sentencing requirement of § 3553(a) because the phrase "tends to slant the discussion toward shorter sentences by emphasizing only" the need to avoid sentences that are too long.  See United States v. Irey, 612 F.3d 1160, 1196-97 (11th Cir. 2010) (en banc), cert. denied, 131 S.Ct. 1813 (2011).

Moreover, Browning has not shown that his sentence of 10 months' imprisonment, followed by 26 months' supervised release, is substantively unreasonable.[2]   The district court considered the relevant § 3553(a) factors,

---

[2]    Browning argues only that his sentence is substantively unreasonable, and thus, he has abandoned any arguments as to procedural unreasonableness. United States v. Jernigan, 341 F.3d

including Browning's serious criminal record and his problems following rules. The court further said that Browning had not tried to comply with the terms of his supervised release and had caused a great deal of trouble to people who were trying to help him. The court also recognized that Browning required additional educational and corrective treatment, and thus, it ordered him to participate in a cognitive skills program upon his release from prison. Accordingly, the district court's decision to impose a within guidelines sentence of 10 months' imprisonment was substantively reasonable, and we affirm.

**AFFIRMED.**

---

1273, 1283 n.8 (11th Cir. 2003) (stating that a party abandons an issue on appeal if not raised plainly and prominently).